UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REGINALD BLETCHER
     Plaintiff,

vs.

                             Case No. 6:13Cv-1913-ORL-37 TBS

THE CITY OF ORLANDO, a municipal corporation,
OFFICER WILLIAM WEBSTER (17250) in
his individual capacity, OFFICER ROBERT
WOODYARD (17100) in his individual capacity,
OFFICER JAMES HYLAND (17447) in his
individual capacity, and OFFICER ANDREW FREY
(16875) in his individual capacity,
          Defendants.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

     COMES NOW, Plaintiff, REGINALD BLETCHER (hereinafter referred to as

"Plaintiff"), by and through his undersigned counsel and sues Defendants, THE CITY OF

ORLANDO, a municipal corporation, and its division of law enforcement, Orlando Police

Department (hereinafter collectively referred to as "OPD"), OFFICER WILLIAM WEBSTER,

in his individual capacity (hereinafter referred to as "WEBSTER"), OFFICER ROBERT

WOODYARD in his individual capacity (hereinafter referred to as "WOODYARD"), OFFICER

JAMES HYLAND in his individual capacity (hereinafter referred to as "HYLAND"), and

OFFICER ANDREW FREY in his individual capacity (hereinafter referred to as "FREY"),

hereinafter collectively referred to as "Defendants".

## PARTIES

1. Plaintiff is and was at all times relevant hereto, a citizen of the United States of America, a resident of Orlando, Orange County, Florida, and was 36 years old at the time of the event giving rise to these allegations.

2. Defendant, THE CITY OF ORLANDO is a municipal entity organized under the laws of the State of Florida, with the capacity to sue and be sued. It is the legal and political entity responsible for the actions of the ORLANDO POLICE DEPARTMENT (hereinafter "OPD"), which is a department of the City of Orlando. The City is sued for compensatory damages on the basis of the acts, omissions, practices and other conduct of officers, agents, and employees of OPD and the City, more specifically Defendants WEBSTER, WOODYARD, HYLAND and FREY, which were taken pursuant to official policy, practice, and/or custom. At all times relevant herein, the officers, employees and agents of OPD and the City were acting under the color of state law. Defendants WEBSTER, WOODYARD, HYLAND and FREY are Officers who are employed through OPD, are over the age of 18, and on information and belief, are residents in or conduct business in Orange County, Florida and are being sued in their individual capacities.

3. All events giving rise to this complaint occurred in Orange County, Florida.

4. The ORLANDO POLICE DEPARTMENT is the law enforcement agency for CITY OF ORLANDO (hereinafter referred to as "OPD).

5. Plaintiff BLETCHER has retained the services of undersigned counsel and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

## VENUE AND JURISDICTION

6. This action is proper in the Middle District of Florida, Orlando Division, as all material facts of this cause of action occurred on or about April 30, 2013, in Orange County, Florida.

7. Venue is proper in this district under 28 U.S.C. Section 1391(b) in that all acts, omissions and practices described hereafter, giving rise to these claims all occurred in Orange County, Florida, and within the jurisdiction of the United States District Court in and for the Middle District of Florida.

8. This is an action for damages in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) exclusive of attorney's fees and costs.

9. This action is brought, among other things, pursuant to 42 U.S.C. §1983 and §1988 and the Fourth Amendment to the United States Constitution which make illegal the unlawful arrest of persons without probable cause and the unnecessary and excessive use of force against persons during their arrest. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to Title 28 U.S.C. §1331 and §1343 (a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution, and 28 U.S.C. §1367 which provides ancillary jurisdiction over all state law claims.

10. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any State Territory... Subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity or other proper proceeding for redress."

## NOTICE OF CLAIM

11. Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant OPD of his claims prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

12. All conditions precedent to the filing of this action have occurred, accrued or have been waived as a matter of law.

## GENERAL ALLEGATIONS

13. On the rainy afternoon of April 30, 2013 around approximately 3:00 p.m., Reginald Bletcher left work early to go home.

14. Later on that evening at approximately 7:00 p.m. Mr. Bletcher left his home and was traveling back to his automotive repair business, where his employees were waiting on him to lock up the doors so that they could go home for the day.

15. Mr. Bletcher's business, Irie Auto Sales and Repairs, is located at 4101 El Rey Road, Orlando, Florida 32808.

16. Mr. Bletcher was driving a blue colored 1993 Buick LeSabre.

17. It was raining heavily on April 30, 2013 and parts of Mercy Drive were flooding with water from the downpour of rain.

18. On information and belief, at approximately 1942 hours, OPD received an emergency call for patrol units to respond to a robbery call which occurred near the intersection of Shader Road and Center Loop.

19. Upon information and belief, the caller/victim provided OPD with a description of a female driving a silver Pontiac.

20. Defendants Webster, Woodyard, Hyland and Frey observed Mr. Bletcher driving his 1993 blue Buick LeSabre and filed into their unmarked police van to pursue him as the suspect of the emergency call for service that they had just received, although Mr. Bletcher's vehicle did not match the suspect or vehicle description provided by the caller/victim.

21. Defendants followed Mr. Bletcher into the back gate of his business located at 4101 El Rey Road, Orlando, FL 32808. Mr. Bletcher parked his vehicle near the side of his building so that he could quickly exit, lock up his business and return back to his vehicle to go home.

22. Mr. Bletcher did not observe the unmarked police van that had followed him, did not observe any officers, nor did he observe any police lights or sirens activated on the vehicle. He was also not given any verbal commands by police officers as he exited his vehicle to go lock the doors to his business.

23. As Mr. Bletcher came to the front of his business, he was immediately ambushed by the Defendants with their guns drawn and aimed at Plaintiff. Officer Webster had his Taser drawn and immediately and without warning, provocation or justification, deployed his department issued Taser (Serial Number X00-590898) towards Mr. Bletcher's abdomen striking him in the chest. Mr. Bletcher fell face down into a puddle of water in front of his business as his employees watched in shock as Mr. Bletcher was being assaulted by OPD officers.

24. After Officer Webster fired his Taser, Defendant Officer Woodyard also immediately and without warning, provocation or justification fired his department issued Taser (Serial Number X00-590289) towards Mr. Bletcher with the probes striking Mr. Bletcher's clothing but failing to penetrate through to his skin.

25. Mr. Bletcher was struck by Defendant Officer Webster's Taser, with the two probes lodged in his abdomen delivering approximately 50,000 volts of electricity into his body incapacitating him and causing severe and excruciating pain and suffering to Mr. Bletcher.

26. Mr. Bletcher never posed a serious threat to Defendants Webster, Woodyard, Frey and/or Hyland or any other person present. Mr. Bletcher did not have any weapons on his person, was not acting in a violent manner, and was not placing anyone in any form of danger, including Defendants. Mr. Bletcher, at all times, complied with the demands of Defendants Webster to show his hands.

27. Mr. Bletcher was in no way trying to escape, flee the area, destroy evidence or otherwise commit any unlawful acts.

28. As he lay face down in the puddle of water, after being struck by Webster's Taser, Mr. Bletcher was then sprayed by both Defendants, Webster and Frey, in the face, nose and mouth with department issued pepper spray chemical agent.

29. Mr. Bletcher also sustained several excruciating kicks, punches, and elbows to his face, head and body from the Defendants which caused him severe anguish and physical injury. Officer Woodyard then placed Mr. Bletcher in handcuffs.

30. Mr. Bletcher complained to the Defendants of severe and excruciating pain, but at no time did any Defendant call for assistance from paramedics nor did they offer Mr. Bletcher any assistance themselves.

31. Defendants then picked Mr. Bletcher up out of the puddle and began pulling two Taser probes out of his chest, 1 probe out of his stomach and another probe out of his shirt. As they were prying the Taser probes out of Mr. Bletcher, Defendants were laughing and playfully

making fun of Defendant Officer Woodyard for having only one Taser probe strike Mr. Bletcher.

32. As Mr. Bletcher continued to writhe in agony and pain from the effects of being Tased and sprayed with chemical agent multiple times, Defendants continued to laugh at Mr. Bletcher and told him "it's just pepper spray man, you have to cry it out."

33. Mr. Bletcher was then picked up from the puddle and dragged to the rear of the Irie Auto Sales and Repairs where OPD subsequently brought the caller/victim to the scene at 4101 El Rey Road, and conducted a "show up", showing Mr. Bletcher to the caller/victim.

34. Upon information and belief, that upon seeing Mr. Bletcher the OPD officers with the caller/victim radioed to the Defendants saying "that's not him" and that Mr. Bletcher was not the suspect that they were looking for. The caller/victim advised that the suspect was a female driving a silver Pontiac.

35. Although the caller/victim advised that Mr. Bletcher was not the suspect, Defendant Officers still placed Mr. Bletcher under arrest for crimes that they knew lacked the requisite probable cause.

36. Mr. Bletcher was arrested and charged with Count (1) attempted fleeing and eluding a law enforcement officer under Florida Statutes § 316.1935(1), Count (2) possession of a firearm in the commission of a felony under § 790.07(2), and Count (3) resisting an officer without violence under § 843.02.

37. Defendants, along with other unknown OPD officers subsequently conducted a warrantless search of Mr. Bletcher's business, Irie Auto Sales and Repair. After uncovering no evidence of illegal activity, Defendants left Mr. Bletcher's business open and unlocked with damage to

the main entrance door. When Mr. Bletcher returned, several expensive pieces of equipment were missing from his shop including welding equipment.

38. Defendants also conducted searches of the automobiles located in the rear parking lot of 4101 El Rey Road, where Mr. Bletcher's customers' cars were parks. Defendants conducted warrantless searches of several customers' automobiles.

39. Defendant Officer Webster conducted a warrantless search of Mr. Bletcher's vehicle, where he located a firearm legally owned by Mr. Bletcher.

40. Mr. Bletcher also has a valid Concealed Weapons license in the state of Florida, license number W 2001621. He also has no prior felony convictions.

41. On May 1, 2013 at Mr. Bletcher's initial appearance, the presiding Judge found no probable cause to believe that Mr. Bletcher committed the crimes charged in Counts 1 and 2. Having found no probable cause to support the arrest of Mr. Bletcher for any felonies, Mr. Bletcher's case was transferred to the County Court docket with the remaining misdemeanor charged in Count 3.

42. On August 13, 2013, approximately three months after the conduct set forth above, the remaining charge of resisting an officer without violence under § 843.02 was terminated by Nolle Prosequi entered by the Office of the State Attorney for the Ninth Judicial Circuit of Florida. No charges were re-filed against Mr. Bletcher.

43. The charges against Mr. Bletcher were filed, pursued and continued without probable cause with the malicious intent of injuring, and with the purpose of either the intentional or negligent infliction of emotional distress on Mr. Bletcher.

44. Because of the wrongful arrest, criminal prosecution, physical assault and detention he endured, Plaintiff Bletcher has also suffered injuries in the form of emotional and mental anguish, public humiliation, physical injury and other financial injuries.

45. Plaintiff Bletcher alleges that the criminal charges against him were false and frivolous and made for the sole purpose of concealing wrongful acts and conduct of the above-referenced members of law enforcement, specifically including Webster, Woodyard, Hyland and Frey, and to avoid having to account for their grotesque acts.

46. Upon information and belief that OPD has a long-standing policy, procedure, custom and tradition of deliberate indifference to violations of constitutional rights through the use of excessive force by officers occasioned by deficiencies in training, supervision, and disciplinary policies. These OPD policies, procedures and customs were the moving force behind the trampling of Plaintiff's constitutional rights.

47. In this past year alone, the City of Orlando has had three significant incidents involving the use of excessive force in which the complaining citizens either won significant jury awards or received settlement payments from the City. A woman was paid $140,000 after an OPD officer shoved her face first to the sidewalk breaking her teeth. The officer later claimed the woman assaulted him and criminal charges stood against her for three months before media uncovered video depicting what actually transpired. (Orlando Sentinel. "In Orlando, Excessive Force Again Leads to Payout", Oct. 1, 2013). In April of this year, Ana Maria Hazleton was awarded about $89,000 against the Orlando Police Department stemming from a wrongful arrest where police illegally entered her home, falsely arrested her and pepper sprayed her when she resisted. She was also criminally charged and charges were dropped by the Office of the State Attorney. See Hazleton v. City of Orlando, No. 6:10-cv-342-Orl-

36DAB, 2013 WL 5952427 (M.D. Fla. Nov. 4, 2013). In September 2013, the City of Orlando settled with Rogelio "Roger" Cortes for $750,000 after OPD officers shot him several times in a crowded Target parking lot. Mr. Cortes was also criminally charged before those charges were ultimately dropped by the Office of the State Attorney. (Orlando Sentinel. "City Settles for $750K with Man Shot by Orlando Police", Sept. 30, 2013).

48. Even as recently as August of 2012, an Orlando federal jury awarded an elderly man $880,000 in damages stemming from an altercation with an OPD officer which resulted in his neck being broken by the officer's excessive use of force. See Daley v. City of Orlando, No: 6:11-cv-758-Orl-28-KRS, 2012 WL 5506051 (M.D. Fla. Aug. 17, 2012).

49. Prior to April 30, 2013, Reginald Bletcher had no previous criminal history.

50. The actions of Defendants in front of Mr. Bletcher's business, and the series of warrantless searches conducted on Mr. Bletcher's commercial property located at 4101 El Rey Road, frightened customers and clientele. Mr. Bletcher's business has suffered tremendously and he has been forced to close his business as a result of the Defendants' actions on April 30, 2013.

## COUNT I: CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983 (FALSE ARREST / FALSE IMPRISONMENT AND DETENTION AGAINST DEFENDANT OPD

51. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

52. This is an action for false arrest / false imprisonment and detention against Defendant OPD and for damages.

53. On or about April 30, 2013, Defendant City of Orlando, through the Orlando Police Department, its employees and agents acting in the course and scope of their duties as police

officers, deprived PLAINTIFF of his freedom and liberty, and wrongfully restrained him in his movements.

54. PLAINTIFF did not consent to the aforementioned actions of Defendant OPD, its employees and agents, and said actions were against the will of PLAINTIFF.

55. The restraint of PLAINTIFF by Defendant OPD, through its employees and agents acting in the course and scope of their duties as police officers was unlawful.

56. As a direct result of Defendant OPD's actions through its agents and employees for which Defendant City of Orlando is responsible, PLAINTIFF has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings, the physical and emotional aspects of which are continuing to this day and are likely to continue into the future. These injuries and losses are permanent and continuing, and Plaintiff Bletcher will suffer such losses in the future.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendant OPD;

B. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

C. Judgment for pre-judgment interest on attorney's fees for delay in payment;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT II: COUNT I: CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983

**(FALSE ARREST / FALSE IMPRISONMENT AND DETENTION AGAINST
DEFENDANTS WEBSTER, WOODYARDFREY AND HYLAND IN THEIR
INDIVIDUALCAPACITIES**

57. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

58. At all times material hereto, Defendants WEBSTER, WOODYARD, HYLAND and FREY had a legal duty not to seize or arrest citizens without probable cause that they have committed a crime.

59. Defendants WEBSTER, WOODYARD, HYLAND and FREY acting in concert and acting within the course and scope of their employment, falsely arrested and imprisoned PLAINTIFF, all in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, when in fact PLAINTIFF had committed no crime, nor broken any law and said detention, arrest and imprisonment was without probable cause.

60. The charges alleged by Defendants against Plaintiff were terminated by the State Attorney's Office on August 13, 2013, approximately 3 months after Mr. Bletcher's arrest.

61. By their actions, Defendants deprived Plaintiff of the clearly established right to be free from false arrest without probable cause and false imprisonment, in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

62. As a direct, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, costs and expenses of litigation, loss of earnings, and other injuries and losses. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendants Webster, Woodyard, Hyland and/or Frey;

B. Judgment for punitive damages against Defendants Webster, Woodyard, Hyland and/or Frey;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

### COUNT III: 42 U.S.C. § 1983 – INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS WEBSTER, WOODYARD, HYLAND AND FREY

63. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

64. PLAINTIFF has a clearly established right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

65. Additionally, PLAINTIFF has the clearly established right under the United States Constitution and the Constitution of the State of Florida to be free from the use of excessive force and battery, and wrongful search and seizure.

66. PLAINTIFF was wrongfully seized and detained on April 30, 2013.

67. Defendants WEBSTER, WOODYARD, HYLAND and FREY, under color of law, violated Plaintiff's well established constitutional right to be free from excessive force under the Fourth Amendment to the United States Constitution.

68. On or about April 30, 2013, Defendants WEBSTER, WOODYARD, HYLAND and FREY's excessive force in aiming their firearms drawn and aimed at PLAINTIFF, by firing their Taser weapons at PLAINTIFF without warning, provocation or justification, by kicking, punching, stomping, and elbowing PLAINTIFF while he was face down in the pavement in a puddle of water, and by repeatedly spraying PLAINTIFF in the face, eyes, nose and mouth with chemical agent spray. This was greater force than reasonable and/or necessary, malicious in purpose, and a display of wanton and willful disregard for the rights and safety of Plaintiff. No reasonable person in Defendants' position could have thought that the facts were such that justified Defendants' actions.

69. As a direct, proximate and foreseeable result of Defendants Clutter and/or Ducharme's actions, Plaintiff Bletcher has suffered bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, costs and expenses of litigation, loss of earnings, and other injuries and losses. These injuries and losses are permanent and continuing, and Plaintiff Bletcher will suffer such losses in the future.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendants Webster, Woodyard, Hyland and/or Frey;

B. Judgment for punitive damages against Defendants Webster, Woodyard, Hyland and/or Frey;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT IV: 42 U.S.C. § 1983 – EXCESSIVE FORCE
## CLAIM AGAINST DEFENDANT OPD

70. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

71. PLAINTIFF has a right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

72. Additionally, PLAINTIFF has the clearly established right under the United States Constitution and the Constitution of the State of Florida to be free from the use of excessive force and battery, and wrongful search and seizure.

73. PLAINTIFF was wrongfully seized and detained on April 30, 2013.

74. On or about April 30, 2013, Defendant OPD, through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived PLAINTIFF of his rights under the United Stated Constitution in violation of 42 U.S.C. § 1983, in that, PLAINTIFF was illegally detained, restrained, touched and battered thereby causing PLAINTIFF physical and emotional pain and suffering.

75. The primary, obvious and sole purpose of the illegal and wrongful actions of battery, unlawful restraint and excessive force of PLAINTIFF was to deprive and infringe upon Plaintiff's constitutional rights. As a result, PLAINTIFF was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

76. Defendant OPD, through the Orlando Police Department, its employees and agents acting in the course and scope for their duties as police officers, took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of PLAINTIFF. The acts of Defendant OPD violated the constitutional rights of PLAINTIFF.

77. Defendant, OPD, its employees and agents acting in the course and scope of their duties as police officers, knew that their actions would deprive PLAINTIFF of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of their actions.

78. Defendant OPD is responsible for the acts of its police officers.

79. Defendant OPD had a custom, policy and practice in place that allowed its police officers to use excessive force to citizens without proper legal jurisdiction.

80. Further, it is Defendant, OPD's, custom to apply force in such a way that it maximizes injury to the applicant, when all reasonable circumstances, lesser application of force using the same technique would satisfy the objective and yield less or no injury.

81. It is also a custom of OPD to select a technique of force beyond that level of force required to diffuse or resolve a situation.

82. Defendant OPD's officers followed the policy or custom or practice of Defendant OPD, when officers restrained and bettered Plaintiff.

83. The actions of Defendants WEBSTER, WOODYARD, HYLAND and FREY were done under the color of law pursuant to the official policy, customs and practices of Defendant OPD.

84. Defendant OPD's policies, customs and procedures, or lack thereof, were the driving force causing Defendants WEBSTER, WOODYARD, HYLAND and FREY to act as described herein including to use unnecessary force, and to restrain and injure PLAINTIFF.

85. Defendant OPD approved or ratified the unlawful and deliberate conduct of Defendants WEBSTER, WOODYARD, HYLAND and FREY.

86. No internal investigation was conducted and a Response to Resistance Form was completed by OPD approving and ratifying the unlawful and deliberate conduct of Defendants WEBSTER, WOODYARD, HYLAND and FREY.

87. As a direct, proximate and foreseeable result of Defendant OPD's actions, Plaintiff has suffered constitutional deprivations, bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, loss of potential earning, public humiliation, and other injuries relating to this incident. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendant Sheriff Eslinger;

B. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

C. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate.

### COUNT V: 42 U.S.C. § 1983 INDIVIDUAL CAPACITY MALICIOUS PROSECUTION CLAIM AGAINST WEBSTER, WOODYARD, HYLAND AND FREY, AND AGAINST DEFENDANT OPD

88. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

89. Officers WEBSTER, WOODYARD, HYLAND and FREY filed false reports, willfully and falsely reporting that Plaintiff BLETCHER had committed acts and crimes that he had not committed, and omitting material information that the Office of the State Attorney should have considered in determining whether to file criminal charges against the Plaintiff BLETCHER, intending to insulate themselves from administrative and/or criminal sanctions for their wrongful conduct.

90. Directly as a result of the false police reports filed by WEBSTER, WOODYARD, HYLAND and FREY, and subsequently ratified and approved by OPD in the Response to Resistance

Report, a criminal proceeding was initiated against PLAINTIFF where he was the subject of criminal prosecution for over three months.

91. The presiding judge at PLAINTIFF'S initial appearance determine no probable cause to support Counts 1 and 2 of the three Count charging instrument. The only remaining third misdemeanor count alleging PLAINTIFF resisted officers without violence was terminated in Mr. Bletcher's favor by the filing of a Nolle Prosequi by the Assistant State Attorney on August 13, 2013.

92. The arrest of and charges against Mr. Bletcher were not supported by probable cause or arguable probable cause and were a violation of PLAINTIFF'S Fourth Amendment rights under the United States Consitution.

93. Defendants WEBSTER, WOODYARD, HYLAND and FREY acted with malicious purpose in submitting false police reports against PLAINTIFF, directly causing the initiation of criminal charges against him.

94. As a direct, proximate and foreseeable result of Defendant Webster, Woodyard, Hyland, Frey and OPD's actions, Plaintiff has suffered constitutional deprivations, bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, loss of potential earning, public humiliation, and other injuries relating to this incident. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendants Webster, Woodyard, Hyland, Frey and/or OPD;

B. Judgment for punitive damages against Defendants Webster, Woodyard, Hyland, Frey and/or OPD;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT VI: BATTERY CLAIM AGAINST WEBSTER, WOODYARD HYLAND AND FREY IN THEIR INDIVIDUAL CAPACITIES

95. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

96. This is an action for battery against Defendants WEBSTER, WOODYARD, HYLAND and FREY, and for damages.

97. On or about April 30, 2013, Defendants WEBSTER, WOODYARD, HYLAND and FREY, unlawfully touched, struck and battered PLAINTIFF against the will of Plaintiff and without Plaintiff's consent. Defendants WEBSTER, WOODYARD, HYLAND and FREY, violently struck PLAINTIFF with kicks, stomps, punches, and elbows after Webster and Woodyard shot Plaintiff with Taser's and Plaintiff was sprayed repeatedly in the nose, mouth, eyes and face with pepper spray. PLAINTIFF was also violently and forcibly drug by Defendants WEBSTER, WOODYARD, HYLAND and FREY to the back of the building located at 4101

El Rey Road where he was shown to a caller/victim causing great suffering and injury to the Plaintiff's body and mind.

98. Defendants WEBSTER, WOODYARD, HYLAND and FREY acted deliberately and with malicious purpose when they struck and battered PLAINTIFF. Defendants WEBSTER, WOODYARD, HYLAND and FREY acted with wonton disregard to the rights, safety and feelings of the Plaintiff.

99. As a direct, proximate and foreseeable result of said battery, PLAINTIFF has suffered constitutional deprivations, bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, loss of potential earning, public humiliation, and other injuries relating to this incident. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

100.    PLAINTIFF may require medical treatment in the future and as a result may incur additional medical expenses for said treatment.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendants Webster, Woodyard, Hyland and/or Frey;

B. Judgment for punitive damages against Defendants Webster, Woodyard, Hyland and/or Frey;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

### COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST WEBSTER, WOODYARD, HYLAND AND FREY IN THEIR INDIVIDUAL CAPACITIES

101.   Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

102.   This is a cause of action for intentional infliction of emotional distress against Defendants WEBSTER, WOODYARD, HYLAND and FREY, and for damages.

103.   Defendants WEBSTER, WOODYARD, HYLAND and FREY owe a duty of care to the citizenry in general, and specifically in this case, they owed a duty of care to PLAINTIFF.

104.   Defendants WEBSTER, WOODYARD, HYLAND and FREY caused PLAINTIFF to be unduly subjected to undue prosecution and subjected to unfair treatment. Defendants WEBSTER, WOODYARD, HYLAND and FREY detained, Tased and battered PLAINTIFF and caused him severe emotional and physical distress.

105.   Defendants WEBSTER, WOODYARD, HYLAND and FREY knew or should have known that the aforementioned acts would result in severe emotional distress to PLAINTIFF.

106.   There was no legal justification for the actions of Defendants WEBSTER, WOODYARD, HYLAND and FREY.

107.   Defendants WEBSTER, WOODYARD, HYLAND and FREY intended their behavior and they knew or should have known the emotional distress suffered by PLAINTIFF was likely to result.

108.   Defendants WEBSTER, WOODYARD, HYLAND and FREY conduct was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community. WEBSTER, WOODYARD, HYLAND and FREY's conduct went beyond the bounds of decency. The conduct caused severe emotional distress.

109.   As a direct, proximate and foreseeable result of said battery, PLAINTIFF has suffered constitutional deprivations, bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, loss of potential earning, public humiliation, and other injuries relating to this incident. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on this cause of action:

A. Judgment for compensatory damages against Defendants Webster, Woodyard, Hyland and/or Frey;

B. Judgment for punitive damages against Defendants Webster, Woodyard, Hyland and/or Frey;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT VII: FALSE IMPRISONMENT CLAIM AGAINST
## WEBSTER, WOODYARD, HYLAND AND FREY
## IN THEIR INDIVIDUAL CAPACITIES

110.    Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

111.    This is a cause of action for false imprisonment against Defendants WEBSTER, WOODYARD, HYLAND and FREY, and for damages.

112.    Defendants WEBSTER, WOODYARD, HYLAND and FREY negligently, unlawfully, and unreasonably restrained and/or detained PLAINTIFF against his will, by placing him in arm restraints, thereby depriving him of his liberty.

113.    Defendants WEBSTER, WOODYARD, HYLAND and FREY intended to confine PLAINTIFF, who was conscious of the confinement.

114.    Defendant OPD is responsible for the negligent actions of Defendants WEBSTER, WOODYARD, HYLAND and FREY, who are Officers and agents of Defendant OPD.

115.    As a direct, proximate and foreseeable result of said battery, PLAINTIFF has suffered constitutional deprivations, bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, loss of potential earning, public humiliation, and other injuries relating to this incident. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

    WHEREFORE, Plaintiff REGINALD BLETCHER prays that this Honorable Court grant the following relief on this cause of action:

A. Judgment for compensatory damages against Defendants Webster, Woodyard, Hyland and/or Frey;

B. Judgment for punitive damages against Defendants Webster, Woodyard, Hyland and/or Frey;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, including judgment for damage due to the lack of insurability of Plaintiff; and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

## DAMAGES

116.    Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

117.    The actions of all Defendants violated the following clearly established and well-settled federal constitutional rights of Plaintiff, of which a reasonable person would have known:

a.    Freedom from the use of excessive, deadly, unreasonable, unjustified force that is wholly disproportionate to any claimed need for force against his person;

b.    Substantive due process right to be free from arbitrary government conduct which shocks the conscience and which is not tolerated in a free society;

c.    Freedom from unreasonable search and seizure by government authorities.

118.    As a direct and proximate cause of the joint actions of all Defendants, Plaintiff BLETCHER'S constitutional rights were violated and he has suffered injuries and damages. Plaintiff Bletcher seeks recovery from the Defendants, both jointly and severally, of all damages to which he may be entitled under both state and federal law for the injuries and damages he sustained and which include, but are not limited to:

a.   Violation of his constitutional rights under the Fourth Amendment to the United States
Constitution;

b.   Severe physical injury, pain and suffering of a past, present and future nature;

c.   Emotional pain, suffering, mental anguish, public humiliation, loss of reputation, and
emotional trauma and suffering of a past, present and future nature;

d.   Loss of Enjoyment of Life of a past, present and future nature;

e.   Loss of Earning Capacity of a past, present and future nature;

f.   Punitive damages against the applicable Defendants;

g.   Pre and Post-Judgment Interest;

i.   Statutory and Discretionary Costs;

j.   Attorney's fees where permitted by 42 U.S.C. § 1988 or state law;

k.   A declaratory judgment that the acts and conduct herein were unconstitutional;

l.   All such further relied, both general and specific, to which they may be entitled under the
premises.

## PRAYERS FOR RELIEF

WHEREFORE, premises considered, BLETCHER sues the Defendants, both jointly and
severally, and prays for a judgment against the applicable Defendants *for actual, nominal,
compensatory and/or punitive damages* in an amount to be determined by a jury as reasonable
and for all such further relief, both general and specific, to which he may be entitled under the
premises. While BLETCHER objects to placing a specific sum of money on the value of his
injuries and damages, to the extent that a specific demand for a sum of money is required to be
requested in the Complaint, the amount *should not exceed* One Million ($1,000,000.00) Dollars.

## JURY DEMAND

Plaintiff, REGINALD BLETCHER, hereby demands a trial by jury as to Counts I

through VII, and/or on all issues so triable.

Dated: December 13, 2013

Respectfully submitted,

SHAYAN H. MODARRES, ESQ.
Fla. Bar No.: 0092493
THE MODARRES LAW FIRM
627 East Washington Street
Orlando, FL 32801
Telephone: (407) 408-0494
Facsimile: (407) 412-6214
E-mail: Shayan@ModarresLaw.com

## VERIFICATION

Under penalty of perjury under the laws of the United States of America and the State of

Florida, I declare that I have read the foregoing, and that the facts alleged therein are true and

correct to the best of my knowledge and belief. I understand that a false statement in this

Verification will subject me to penalties of perjury.

_Reginald B_ 12-13-13

REGINALD BLETCHER
Plaintiff



# N E J A M E   L A W

NEJAME, LAFAY, JANCHA, AHMED, BARKER, JOSHI & MORENO P.A.

June 3, 2013

<u>Via Certified Mail: 7011 3500 0003 6039 8428</u>
Orlando Police Department
100 South Hughey Ave.
Orlando FL 32801
<u>Via Certified Mail: 7011 3500 0003 6039 8411</u>
Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399-0300

| | |
|---|---|
| Re: | Reginald Bletcher v City of Orlando and William Webster, in his Individual Capacity and Officer Woodyard (17100), in his Individual Capacity and Officer Hyland (17447), in his Individual Capacity and Officer Frey (16875), in his Individual Capacity. |
| Tribunal: | Orange County, Florida |
| Date of Incident: | April 30, 2013 |
| Date of Birth: | 7/3/1976 |
| SSN: | 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 |

## NOTICE OF CLAIM PURSUANT TO FLORIDA STATUTES, SECTION 768.28

To Whom It May Concern:

Please be advised that my office represents Reginald Bletcher with regard to an incident that occurred on or about April 30, 2013 near 4101 El Rey Road, Orlando Florida 32808 at Orange County, Florida.   Let this correspondence serve as the Notice of Claim pursuant to Florida Statute 768.28.

At the time of the incident, Reginald Bletcher was pulling into a business located at 4101 El Rey Road, Orlando Florida 32808, when he was ordered to stop and was questioned by Officer William Webster for a possible stolen vehicle.   Officer Webster harassed, and utilized unjustifiable excessive force toward Reginald Bletcher at the above-referenced location on the above-referenced date.

Reginald Bletcher is a permanent resident in the United States; he was born in Columbus, GA; his date of birth is July 3, 1976, and social security number is 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. The action involved here will be filed in Circuit Court for Ninth Judicial Circuit in and for Orange County, Florida.   The style of the case will be **Reginald Bletcher v City of Orlando and William Webster, in his Individual Capacity and Officer Woodyard**

**(17100), in his Individual Capacity and Officer Hyland (17447), in his Individual Capacity and Officer Frey (16875), in his Individual Capacity.** Presently no prior

adjudication of unpaid claims in excess of $200.00 owed by the claimant to the State, its agency, officer or subdivision exists.

Please have your respective insurance providers or risk management division contact my office regarding this matter at your earliest convenience. Thank you for your time and cooperation. I look forward to hearing from you.

Sincerely,

Jason J. Recksiedler, Esquire

JJR/ga