**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REGINALD BLETCHER,

        Plaintiff,

v.                                                                   Case No. 6:13-cv-1913-Orl-37TBS

THE CITY OF ORLANDO; WILLIAM
WEBSTER; ROBERT WOODYARD;
JAMES HYLAND; and ANDREW FREY,

        Defendants.

---

## ORDER

This matter is before the Court on the following:

1.  Plaintiff Reginald Bletcher's Verified Complaint (Doc. 1), filed December
    16, 2013; and

2.  Defendant, City of Orlando's Motion to Dismiss Count V (Doc. 13), filed
    January 27, 2013.

## BACKGROUND

This action arises from the alleged warrantless arrest of Plaintiff with force and
the warrantless search of Plaintiff's business and car on April 30, 2013, by Defendants
William Webster, Robert Woodyard, James Hyland, and Andrew Frey (collectively, the
"Individual Defendants"), who were law enforcement officers for Defendant City of
Orlando (the "City"). (Doc. 1.) In his Verified Complaint, Plaintiff alleges that the
Individual Defendants, who were responding to a robbery call concerning a female
suspect driving a silver Pontiac, "ambushed" Plaintiff when he got out of his 1993 blue
Buick LeSabre in front of his business. (*Id.* ¶¶ 16, 18–19, 23.) Allegedly without a

warrant, probable cause, warning, provocation, or justification, Webster and Woodyard fired their tasers at Plaintiff, causing Plaintiff to fall face-down in a puddle of water. (*Id.* ¶¶ 23–27.) While Plaintiff lay in the puddle, Webster and Frey allegedly sprayed him in the face, nose, and mouth with pepper spray (*id.* ¶ 28), then the Individual Defendants allegedly kicked, punched, and elbowed Plaintiff. (*Id.* ¶ 29.) Woodyard placed Plaintiff in handcuffs. (*Id.*) Once handcuffed, the robbery victim allegedly viewed Plaintiff and advised the Individual Defendants that Plaintiff was not the robbery suspect. (*Id.* ¶¶ 33–35.) The Individual Defendants still placed Plaintiff "under arrest" without probable cause. (*Id.*) The Individual Defendants then conducted warrantless searches of Plaintiff's car, his business, and his customers' cars that were parked at his business. (*Id.* ¶¶ 37–39.) No evidence of illegal activity was uncovered during the searches. (*Id.*)

Plaintiff was charged with two felonies and one misdemeanor: (1) "attempted fleeing and eluding a law enforcement officer under Florida Statutes § 316.1935(1)"; (2) "possession of a firearm in the commission of a felony under § 790.07(2)"; and (3) "resisting an officer without violence under § 843.02." (*Id.* ¶ 36.) At Plaintiff's initial appearance on May 1, 2013, "the presiding Judge found no probable cause to believe" that Plaintiff committed the two felonies, and the remaining misdemeanor charge was "transferred to the County Court." (*Id.* ¶ 41.) On August 13, 2013, the misdemeanor charge was "terminated by Nolle Prosequi", and no other charges were filed against Plaintiff. (*Id.* ¶ 42.) Plaintiff alleges that "the criminal charges against him were false and frivolous and made for the sole purpose of concealing wrongful acts and conduct" of the Individual Defendants. (*Id.* ¶¶ 43–45.)

Based on the foregoing allegations of fact, Plaintiff asserts 42 U.S.C. § 1983 civil rights claims against the City for unlawful arrest (Count I), excessive force (Count IV),

and malicious prosecution (Count V), in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.[1] (*Id.* ¶¶ 51–56, 70–87, 88–94.) The City filed an Answer to Counts I and IV (Doc. 14), but seeks dismissal of Count V on the ground that "section 768.28(9)(a) bars any action for malicious prosecution against the state or its subdivisions." (Doc. 13, p. 2 (citing *Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1370 (M.D. Fla. 1999)).) Plaintiff has not responded in opposition, and the time for doing so has passed. Local Rule 3.01(b). The Motion is now ripe for adjudication and considered unopposed.

## STANDARDS

The Federal Rules of Civil Procedure set forth minimum requirements concerning the form of a Complaint. Fed. R. Civ. P. 8; Fed. R. Civ. P. 10(b). When a complaint does not comply with minimum pleading requirements, or otherwise "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009). When considering a Rule 12(b)(6) motion, courts must limit their consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Courts also must accept all well-pled factual allegations—but not legal conclusions—in the complaint as true. *Tellabs*, 551 U.S. at 323; *e.g., Iqbal*, 556 U.S. at 672 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Plaintiff also asserts that the Individual Defendants are liable for unlawful arrest (Count II), excessive force (Count III), and malicious prosecution in violation of the Fourth and Fourteenth Amendments (Count V), as well as state law claims for battery (Count VI), intentional infliction of emotional distress (Count VII), and false imprisonment (Count VIII). (Doc. 1, ¶¶ 57–62, 63–69, 88–115.)

555 (2007)). After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Section 768.28(9)(a) provides that "[t]he state or its subdivisions shall not be liable *in tort* for the acts or omissions of an officer, employee, or agent committed . . . in bad faith or *with malicious purpose*." Fla. Stat. § 768.28(9)(a) (emphasis added). Because malice "is the gist" of the state law tort claim for malicious prosecution, such claims are barred by section 768.28(9)(a). *Johnson v. State Dep't of Health & Rehabilitative Servs.*, 695 So, 2d 927, 930 (Fla. 2d DCA 1997) (applying section 768.28(9)(a) to dismiss claim against state for malicious prosecution); *e.g., Sebring Utils. Comm'n v. Sicher*, 509 So. 2d 968, 970 (Fla. 2d DCA 1987) (holding that "768.28 bars an action against state agencies or subdivisions for malicious prosecution").

The City correctly, if somewhat superficially, argues that section 768.28(9)(a) bars state law tort claims for malicious prosecution; however, Plaintiff has not asserted such a claim. Rather, Plaintiff asserts a claim for malicious prosecution in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (Doc. 1, ¶¶ 88–94.) The City has not argued that a section 1983 claim for violation of the Fourth Amendment is barred by section 768.28(9)(a), and the Court has found no such authority in its independent research. Accordingly, the Court rejects the City's argument that Count V is due to be dismissed as barred by section 768.29(9)(a).

Although the City's section 768.28(9)(a) argument is meritless, it nonetheless appears that Count V is due to be dismissed because Plaintiff has failed to allege a

Case 6:13-cv-01913-RBD-TBS   Document 17   Filed 02/14/14   Page 5 of 6 PageID 83

federal malicious prosecution claim. Despite the failure of the City to raise the insufficiency, to assert such a claim, Plaintiff must allege: "(1) the elements of the common-law tort of malicious prosecution, and (2) a violation of the Fourth Amendment right to be free from unreasonable seizures." *Mack v. Mazzarella*, No. 13-11040, 2014 WL 292173, at *2 (11th Cir. Jan. 28, 2014) (citing *Kingsland v. Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004)). To satisfy the second element, the plaintiff must allege "a seizure related to the prosecution." *Bloom v. Alvereze*, 498 F. App'x 867, 875–76 (11th Cir. 2012). "[T]he plaintiff's arrest cannot serve as the required deprivation of liberty because it occurs prior to the arraignment." *Id.* Further, "[n]ormal conditions of pretrial release, such as bond and a summons to appear, do not constitute a seizure violative of the Fourth Amendment." *Id.* (affirming dismissal of federal malicious prosecution claim because plaintiff was "released after posting bond" and he did not allege "that any significant or ongoing deprivation of liberty was imposed as a condition of pretrial release"). Here, the Complaint includes no allegations that Plaintiff was subjected to any seizure after his initial arrest. (*See* Doc. 1.) Absent such allegations, Count V is due to be dismissed without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant, City of Orlando's Motion to Dismiss Count V (Doc. 13) is **GRANTED**.

2. Count V of the Verified Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before March 7, 2014, Plaintiff may file an Amended Complaint. If Plaintiff fails to timely file an Amended Complaint, then this action will proceed

as to the remaining claims in the Verified Complaint (Doc. 1).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 14, 2014.


ROY B. DALTON JR.
United States District Judge



Copies:

Counsel of Record